UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **ROBERT TROUTMAN, individually and on behalf of all other persons similarly situated,** )<br>)<br>) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 1:05-cv-286 |
| ) | |
| **PFIZER, INC.,** ) | |
| ) | |
| Defendant. ) | |

## OPINION and ORDER

### I. Introduction

This matter is before the Court on the "Request to Join Class Action and Motion to Substitute Lead Plaintiff" filed January 31, 2006, by Robert Solomon ("Solomon"). (Docket # 40.) Despite the rather oddly-phrased title, it is clear that Solomon wants to intervene in this case with his own claim for damages against Pfizer, Inc., ("Pfizer") and wants to be named a class representative. Pfizer filed a brief in opposition on February 15, 2006, and in accordance with Local Rule 7.1(a), the date for a reply brief has passed. By this order the Court will deny the motion without prejudice, recognizing that through later motion practice Solomon may still be able to become a Plaintiff and a class representative in this case.

### II. Procedural Background

This case began on August 18, 2005, with the filing of a complaint by Robert Troutman ("Robert") on behalf of himself and others similarly situated seeking damages against Pfizer for impaired vision, or alleged partial blindness, ostensibly from the use of Pfizer's prescription drug, Viagra.

The putative class has yet to be certified because the case has been effectively stayed pending a determination of whether it, and others like it, will be transferred elsewhere as part of some multi-district litigation.

In any event, shortly after the complaint was filed, Robert died, and his surviving spouse, Linda Troutman ("Linda"), filed a motion to substitute herself as plaintiff in her new capacity as the personal representative of Robert's estate. (Docket # 24.) That motion was later amended (Docket # 31) and eventually granted on January 25, 2006, (DE# 34) substituting Linda as the sole named plaintiff and putative class representative.

Apparently, however, shortly after being appointed, Linda had second thoughts about serving as a class representative; in fact, her interest has ostensibly flagged to such a point that she no longer desires "to serve as lead plaintiff in a class action." (Req. to Join Class Action and Mot. to Substitute Lead Pl. ¶ 3.)

### III Discussion

These developments bring us to the current filing by Solomon, who complains that he too suffered "loss of vision to the left eye" from the use of Viagra. (Req. ¶ 4.) While Solomon claims that he wants to join this case as a plaintiff under Fed. R. Civ. P. 20 (Req. ¶ 5), the problem is that a nonparty cannot use that procedural vehicle and must instead seek to intervene under Fed. R. Civ. P. 24. *See, e.g.*, *Thompson v. Boggs*, 33 F.3d 847, 857-58 (7th Cir. 1994) (opining that a nonparty cannot invoke the permissive party joinder rule), *cert. denied*, 514 U.S. 1063 (1995); 4 Moore's Federal Practice § 20.02[2][c] at 20-18 (3rd ed. 2004).

Solomon does not even cite, let alone attempt compliance with Fed. R. Civ. P. 24, in that he has not provided a complaint setting forth his claims. *See* Fed. R. Civ. P. 24(c). Moreover,

2

Solomon cannot simply adopt the existing complaint by reference. *Retired Chicago Police Ass'n v. City of Chicago* 7 F.3d 584, 595 (7th Cir. 1993) (holding that compliance with Fed. R. Civ. P. 24 may not be achieved by simply adopting the prior pleadings of a party). Accordingly, Solomon cannot "join" the case as a plaintiff under Fed. R. Civ. P. 20, and at present cannot intervene as one under Fed. R. Civ. P. 24(c).

This ruling does not necessarily doom Solomon's chances to become a plaintiff, although we are a little mystified by his use of the term "lead plaintiff." It is not altogether clear what counsel intends to accomplish here: is Solomon intending to replace Linda, and if so, what is to be done with her claim for Robert; and if that is not his intent (or hers), what is to be Linda's role as the "secondary plaintiff?" Presumably the intent of Solomon and Linda will be made clearer in later motion practice.

For now it is enough to note that substituting unnamed class members for named plaintiffs is fairly common. *See Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006). For example, class action members may intervene as named plaintiffs in order to keep the action alive if the named plaintiff is no longer interested in pursuing the litigation. *Larry James Oldsmobile-Pontiac-GMC Truck Co., Inc. v. Gen. Motors Corp.*, 175 F.R.D. 234, 239 (N.D. Miss. 1997). And of course, it is certainly proper, and often prudent, to have multiple class claimants. *See e.g.*, *In re Norplant Contraceptive Prods. Liab. Litig.*, 163 F.R.D. 255, 256 (E.D. Tex. 1995) (granting plaintiffs leave to add three additional plaintiffs in an action against sellers and distributors of implanted contraceptive devices because the additional plaintiffs complained of the same side effects as those alleged in the original complaint and the amendment was germane to the original complaint).

Of course, these principles do not yet apply; Solomon has not sought to intervene, we have no motion to amend, or any proposed amended complaint by which to assess Solomon's claims. Therefore, Solomon should either seek to intervene and comply with Fed. R. Civ. P. 24, or the Court should be presented with a motion to amend the present complaint; once we have some idea of Solomon's claims, we can determine if he would be a proper class representative. See Fed. R. Civ. P. 23(a)(4). Indeed, at present, the Court knows nothing about Solomon, or even if he falls within the putative class.

Accordingly, Solomon's motion to be substituted for Linda (Docket #40) is DENIED without prejudice. Solomon is free to file a motion to intervene, or Linda may file a motion to amend the complaint, but in either event, the motion should be accompanied by a proposed amended complaint that includes Solomon's claims.

Enter for March 3, 2006.

                                                S/ Roger B. Cosbey
                                                Roger B. Cosbey
                                                United States Magistrate Judge